# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **SportBrain Holdings LLC**, an Illinois limited liability company,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**BRAGI GmbH; Bragi Store, LLC; Bragi North America, LLC,**<br><br>　　　　Defendants. | Civil Action No.:_____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, SportBrain Holdings LLC ("SportBrain"), through its attorney, Isaac Rabicoff, complains of **Bragi GmbH, Bragi Store, LLC and Bragi North America, LLC** (collectively "Defendants" or "Bragi") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff SportBrain's United States Patent No. 7,454,002 entitled "*Integrating Personal Data Capturing Functionality Into a Portable Computing Device and a Wireless Communication Device*" (hereinafter, the "'002 Patent" or the "Patent-in-Suit"). A copy of the '002 Patent is attached hereto as Exhibit A. SportBrain seeks monetary damages.

## THE PARTIES

2. Plaintiff SportBrain is an Illinois limited liability company. SportBrain is the exclusive licensee of the Patent-in-Suit, and possesses all rights thereto, including the exclusive right to exclude Bragi from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to sublicense the Patent-in-Suit, and to sue Bragi for infringement and recover past damages.

3. BRAGI GmbH is a foreign entity with its principal place of business located in Munich, Germany.

4. Bragi Store, LLC is a company organized under the laws of Delaware with its principal place of business located in Frankfort, Illinois.

5. Bragi North America, LLC is a company organized under the laws of Delaware with its principal place of business located in Frankfort, Illinois.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants because, among other things, they transact business in this judicial district, at least by offering to sell, selling and/or advertising infringing products and services, including at least the Bragi Dash Pro and Bragi companion apps (collectively "Accused Products and Services"), in such a way as to reach customers in Illinois and this judicial district

including, but not limited to, over the internet, and through retail stores located throughout this district. Defendants also directly markets and sells its infringing products and services to Illinois residents, including through their own website, https://www.bragi.com/thedashpro/.

9. Defendants have, consequently, committed acts of infringement in this judicial district.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, and Defendants have committed acts of infringement in this district.

## COUNT I: INFRINGEMENT OF THE '002 PATENT

11. SportBrain realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

12. The '002 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Defendants have infringed and continue to infringe the '002 Patent, either literally or under the doctrine of equivalents. Upon information and belief, Defendants have infringed and continue to infringe one or more claims of the '002 Patent by making, using, selling, providing, advertising and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device,

a network server, and website in this district and elsewhere in the United States through its website.

14. Each of the Accused Products and Services infringes at least claim 1 of the '002 Patent.

15. In particular, using at least an accelerometer and/or motion sensor, the Bragi Dash Pro acts as the personal parameter receiver by collecting data about the activity of the user including at least recording the number of steps taken by the user when the product is active. The Bragi Dash Pro and companion apps (collectively the "Bragi product") connect to wireless communication devices, including smartphones, for capturing personal data via a bluetooth connection. The Bragi product periodically transmits personal data, including at least step data, from at least a smartphone to a network server over a wireless network. A network server then analyzes the personal data of the user and generates feedback information; this feedback information is posted to a website in at least a graphical and chart form for the user, and includes at least daily and weekly progress and other health and fitness metrics, including at least step count data. The aforementioned website and/or Bragi companion apps also allow a user to compare that user's personal data, at least in relation to the user's friends, and posts that comparison of the personal data.

16. Defendants have also partnered with third parties to provide additional companion apps, services, and/or fitness tracker devices; to the extent that these third party companion apps, services, and/or fitness tracker devices (in combination with the Bragi product) carry out the remaining steps of the method in at least claim 1, these

acts are attributable to Defendants under a theory of divided infringement, and Defendants directly infringe on the patent-in-suit.

17. Defendants also have and continue to indirectly infringe one or more claims of the asserted patent by inducing others to infringe, including merchants and end-users of its infringing products and services. Specifically, Defendants have actively induced, and continues to induce, the infringement of one or more claims of the '002 Patent at least by actively inducing its customers, including merchants and end-users to use Defendants' devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website. Upon information and belief, Defendants have specifically intended that its customers use the Accused Products and Services that infringe the '002 Patent by, at a minimum, providing access to, support for, training and instructions for, the Accused Products and Services to its customers to enable said customers to use said apparatus, products and services in such a way that infringes the '002 Patent. Even where performance of the steps required for infringement of one or more claims of the '002 Patent is accomplished by Defendants and Defendants' customer jointly, Defendants' actions have solely caused all of the steps to be performed.

18. Defendants also contributed to the infringement of the patents-in-suit in violation of 35 USC § 271(c) by its design, use, manufacture, importation, distribution, sale and

offer for sale of products sold under the Bragi Dash Pro and the Bragi companion apps.

19. Defendants knew or should have known that their conduct of advertising and instructing would induce others to use their products and services in a manner infringing the '002 Patent.

20. Without permission or compensation to SportBrain, Defendants decided to take SportBrain's inventions and utilize its patented technology in its Accused Products and Services. On this basis, this infringement has been willful, deliberate, and in reckless disregard of SportBrain's patent rights.

21. SportBrain has complied with the provisions of 35 U.S.C. § 287 to the extent they are applicable.

22. Defendants' infringement has injured SportBrain and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, together with interest and costs.

WHEREFORE, Plaintiff SportBrain respectfully asks this Court to enter judgment against Defendants BRAGI GmbH, Bragi Store, LLC and Bragi North America, LLC for infringement and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:

    A.    The Defendants have infringed and are infringing one or more claims of the '002 Patent;

B. The Defendants account to SportBrain for damages adequate to compensate for its infringement of the '002 Patent and that such damages be awarded to SportBrain, including pre-judgment and post-judgment interest;

C. SportBrain's damages be trebled as a result of Defendants' willful infringement of the '002 Patent;

D. This case be adjudged as an exceptional case pursuant to 35 U.S.C. § 285 and that the Court award SportBrain its expenses and attorneys' fees incurred in bringing and prosecuting this action; and

E. SportBrain be awarded such further and additional relief as the Court deems just and proper.

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, SportBrain respectfully requests a trial by jury on all issues.

Respectfully submitted,

/s/ Isaac Rabicoff
Counsel for Plaintiff

ISAAC RABICOFF
RABICOFF LAW LLC
73 W MONROE ST
CHICAGO, IL 60603
773-669-4590
ISAAC @ RABILAW.COM